*FORM TO BE USED BY A PRISONER FILING A*
*42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT*
*IN THE UNITED STATES DISTRICT COURT*
*FOR THE\*\*\*\*\*\*\*DISTRICT OF* DELAWARE

I. *CAPTION*

GBEKE MICHAEL AWALA,
_____

*(Enter the full name of the plaintiff or plaintiffs)*

v.

3rd Circuit Judge McKee
_____

3rd Circuit Judge Chagares
_____

3rd Circuit Judge Hardiman        and Chanel R. Graham, Clerk
_____
*(Enter the full name of the defendant or defendants)*

**07 - 689**

F I L E D

NOV 1 2007

SUE L. ROBINSON
U.S. DISTRICT JUDGE

BOscanned
IFP

II. *PARTIES*

a. *Plaintiff*

*Full name:*        GBEKE MICHAEL AWALA,

*Prison identification number:*  82074-054

*Place of present confinement:*  U.S. P. CANAAN

*Address:* P.O. BOX 300, Waymart, PA 18472

*Place of confinement at time of incidents or conditions alleged in complaint, including address:*

_____

*Additional plaintiffs: Provide the same information for any additional plaintiffs on the reverse of this page or on a separate sheet of paper.*

b. *Defendants: (list only those defendants named in the caption of the complaint, section I)*

1. *Full name including title:* THEODORE A. McKEE, CIRCUIT JUDGE

   *Place of employment and section or unit:* U.S. COURT OF APPEALS FOR THE 3d Cir.

2. *Full name including title:* CIRCUIT JUDGE CHAGARES

   *Place of employment and section or unit:* U.S. COURT OF APPEALS FOR THE THIRD CIR.

3. *Full name including title:* CIRCUIT JUDGE HARDIMAN

   *Place of employment and section or unit:* U.S. COURT OF APPEALS FOR THE THIRD CIR.

4. *Full name including title:* CHANEL R. GRAHAM, CLERK

   *Place of employment and section or unit:* U.S. COURT OF APPEALS 3rd Cir.

*Additional defendants: Provide the same information for any additional defendants on the reverse of this page or on a separate sheet of paper.*

### III. PREVIOUS LAWSUITS

*Instructions:*

*If you have filed other lawsuits in any federal or state court dealing with the same facts as this complaint or other facts related to your imprisonment, you must provide the information requested below. If you have not filed other lawsuits, proceed to Section IV, Administrative Remedies, on this page.*

*If you have filed other lawsuits, provide the following information.*

  *Parties to your previous lawsuit:*

  *Plaintiffs*  GBEKE MICHAEL AWALA

  *Defendants*  JOHN G. ROBERTS, Jr.

  *Issues:*  "BUT MY FELLOW CITIZENS HATED ME"

  *Court: if federal, which district?*  U.S. DISTRICT COURT FOR THE D. MARYLAND

       *if state, which county?*          DISTRICT OF MARYLAND

  *Docket number:*  07-cv-00576-JFM  *Date filed:*  May 2006.

  *Name of presiding judge:*    FREDERICK MOTZ

  *Disposition: (check correct answer(s)); Date:* SEPTEMBER 2006

  *Dismissed* XX  *Reason?*            28 U.S.C. Section 1915(g).

  *Judgment*  ___  *In whose favor?* _____

  *Pending*  ___  *Current status?* _____

  *Other*  ___  *Explain* _____

  *Appeal filed?* XX  *Current status?*    Pending.

*Additional lawsuits. Provide the same information concerning any other lawsuits you have filed concerning the same facts as this action or other facts related to your imprisonment. You may use the back of this page or a separate sheet of paper for this purpose.*

### IV. ADMINISTRATIVE REMEDIES

*Instructions:*

*Provide the information requested below if there is an administrative procedure to resolve the issues you raise in this complaint. Examples of administrative procedures include review of grievances, disciplinary action, and custody issues. If no administrative procedures apply to the issues in this complaint, proceed to Section V, Statement of Claim, on page 4.*

a. *Describe the administrative procedures available to resolve the issues raised in this complaint:*

    *Type of procedure. (grievance, disciplinary review, etc.)*

N/A

    *Authority for procedure. (DC-ADM, inmate handbook, etc.)*

    *Formal or informal procedure.* _____

    *Who conducts the initial review?* _____

    *What additional review and appeals are available?* _____

N/A

b. *Describe the administrative procedures you followed to resolve the issues raised in this complaint before filing this complaint:*

    *On what date did you request initial review?* _____

    *What action did you ask prison authorities to take?* _____

N/A

    *What response did you receive to your request?* _____

    *What further review did you seek and on what dates did you file the requests?* _____

N/A

    *What responses did you receive to your requests for further review?*

N/A

c. *If you did not follow each step of the administrative procedures available to resolve the issues raised in this complaint explain why.*

N/A

## STATEMENT OF CLAIM

Gbeke M. Awala, was born in Miami-Dade County, Florida, in May 17, 1971, why then should the defendants persecute him for an alien, as it became hard for these defendants to kick against the truth, they erroneously and unconstitutionally denied the plaintiff's Motion in the U.S. Court of Appeals For the Third Circuit, from the order signed by them on October 17, 2007. The plaintiff brings this action for a redress under the Title 42 U.S.C. Section 1981, 1982, 1983, and 1985, for violation of his birthright, and his Constitutional rights to his U.S. Birth Documents, in violation of the 4th, 5th, 6th, 7th, 8th, 13th and 14th Amendment U.S. Constitution. Unreasonably sent into the prison and specified an alien under Title 8 U.S.C. Section 1326. Indeed, the defendants must fail, they are clearly inconsistent with the United States Constitution's 14th Amendment Section 1. "All persons born in the United States and subject to the jurisdiction thereof are citizens of the United States and the State wherein they reside."

Plaintiff alleges that without his U.S. Birth Documents been returned to him, and been potentially presented in any future event, the error is clearly 'structural errors,' one which amounts to a 'fundamental defect, in the trial mechanism. See Rose v. Clark, 478 U.S. 570, 577-78(1986), a determination which has at all times relevant to this case, created a gravity and had such a persuasive effect on the trial proceeding and appellate proceeding, in which both jurisdiction, cannot reliably adopt to serve its function as a vehicle for determination of guilt or innocence. The Supreme Court has indicated that a directed verdict against the plaintiff, in a criminal case, similar to the one adjudicated under the 3rd circuit judge Kent A. Jordan, here at the District Court, as to the entire charge against Mr. Gbeke M. Awala,

-4-

### V. STATEMENT OF CLAIM

*Instructions:*

*State here as briefly as possible the facts of your case. Use plain language and do not make legal arguments or cite cases or statutes. . State how each defendant violated your constitutional rights. Although you may refer to any person, make claims only against the defendants listed in the Caption, Section I. Make only claims which are factually related. Each claim should be numbered and set forth in a separate paragraph with an explanation of how the defendants were involved. Use the reverse of this page or a separate sheet of paper if you need more space.*

*Statement of claim:*

constitutes a 'structural error,' See also <u>Arizona v. Fulminante</u>, 499 U.S.

279(1991). Thus, the defendants Judges knows any Confrontation clause

principles involved with these documents cannot and never be harmless. See

Delaware v. Van Arsdall, 475 US 673(1986). The defendants affirmance

to have those property 'not returned is a clear pattern of 'extortion by

officers,' or employees of the United States in violation of 18 U.S.C.

Section 872, and Hobbs Act extortion, or attempted extortion, under color

of official right, in violation of 18 U.S.C. Section 1951. '

Accordingly, even if a pro se rights were granted on appeal,

the thwarted and obvious purpose of the 14th Amend. Sec. 1, a court

must give effect, no longer can deliver a result in congruence with the

congressional intent under the statute conferring "My Birth Certificate."

### VI. RELIEF

(i) Issue my birth certificate
(ii) recusal of these defendants

*Instruction: Briefly state exactly what you want the Court to do for you.*

*Relief sought:*

(iii) Permanent injunction and equitable estoppel.

$12,000,000,000,000,000,000.00(For charitable deeds).

It must no longer be a "sham review on appeal". See <u>Aleman v. Judges of Circuit Court</u>

<u>Cook County</u>, 138 F.3d 302, 308-309(7th Cir. 1998), Judges who had been bribed. The relief

sought must adress and compensate against the Circuit Judge McKee, Chagares and Hardiman.

### VII. DECLARATION AND SIGNATURE

*I (we) declare under penalty of perjury that the foregoing is true and correct.*

10/27/07

_____
DATE

_____
SIGNATURE OF PLAINTIFF(S)



GBEKE MICHAEL AWALA
No. 82074-054
U.S. P. Canaan
P.O. Box 300
Waymart, PA 18472

7007 0220 0001 7873 8639
CERTIFIED MAIL

Legal Mail:

Sue L. Robinson
Chief Judge
U.S. District Court
For the District of Delaware
lockbox 31
844 N. King Street
Wilmington, DE 19801

EXHIBIT   A

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

September 24, 2007

No. 05-5479

UNITED STATES OF AMERICA

v.

GBEKE MICHAEL AWALA, Appellant
(District of D.E. Criminal No. 04-cr-00090)

**Present:**     MCKEE, CHAGARES, and HARDIMAN,  CIRCUIT JUDGES.

1. Motion by Appellant for Order to Return U.S. Birth Documents

**Listed on the merits: 12/06/07**

/s/ Chanel R. Graham
Chanel R. Graham   267-299-4955
Case Manager

_____ O R D E R _____

Appellant's Motion for Return of Documents is DENIED, without prejudice to Appellant to refile the
motion in the appropriate district court.

**By the Court,**

/s/ Theodore A. McKee
**Circuit Judge**

**Dated:** October 17, 2007
CRG/cc: Mr. Gbeke Awala
            Samuel C.  Stretton, Esq.
            Ilana H. Eisenstein, Esq.
            Robert F. Kravetz, Esq.

OFFICE OF THE CLERK

| | | |
|---|---|---|
| MARCIA M. WALDRON | **UNITED STATES COURT OF APPEALS** | TELEPHONE |
| CLERK | FOR THE THIRD CIRCUIT | 215-597-2995 |
| | 21400 UNITED STATES COURTHOUSE | |
| | 601 MARKET STREET | |
| | PHILADELPHIA, PA 19106-1790 | |

August 8, 2007

Samuel C. Stretton, Esq.
Ilana H. Eisenstein, Esq.

Re:    United States of America v. Gbeke Awala, Appellant
       Nos. 05-5479/06-2718

Dear Counsel:

The above-entitled case(s) has/have been tentatively listed on the merits on **Thursday, December 6, 2007** in **PHILADELPHIA, PA.** It may become necessary for the panel to move this case to another day within the week of December 3, 2007. Counsel will be notified if such a change occurs.

This advance notice is provided so that you may make arrangements to be prepared to appear and present argument if it is required. The panel will determine whether there will be oral argument and if so, the amount of time allocated therefor. (See Third Circuit Internal Operating Procedures, Chapter 2.1.) No later than one (1) week prior to the disposition date you will be advised whether oral argument will be required, the amount of time allocated by the panel, and the specific date on which argument will be scheduled.

Kindly acknowledge receipt hereof, **within seven (7) days,** on the enclosed copy of this letter and advise the name of the attorney who will present oral argument. In addition, please indicate whether or not s/he is a member of the bar of this Court. Membership is not necessary if counsel represents a U.S. government agency or officer thereof or if the party is appearing pro se. If the attorney is not a member of the bar of this Court, an application for admission will be forwarded, which should be completed and returned to this office without delay.

Very truly yours,
MARCIA M. WALDRON, Clerk

*Mary A. Collins*

By:    Mary A. Collins, Calendar Clerk,
       Direct Dial: (267) 299-4936

MMW:mac

Receipt acknowledged by: ___Sam Stretton___ Date: ___8/10/07___

Name of attorney arguing: ___Sam Stretton___

Representing Appellant/Petitioner (X), Appellee/Respondent ( ), Intervenor ( ), Amicus ( )

Member of Bar: Yes _X_ No_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-5479 |
| | ) | |
| GBEKE MICHAEL AWALA, | ) | |
| | ) | |
| Appellant. | ) | |

**APPELLEE'S RESPONSE TO APPELLANT'S
MOTION TO RETURN U.S. BIRTH DOCUMENTS**

NOW COMES the United States of America, by and through Colm F.

Connolly, United States Attorney for the District of Delaware, and Robert F.

Kravetz, Assistant United States Attorney, and submits the following response to

Appellant Gbeke Michael Awala's pro se Motion to Return U.S. Birth Documents.

Awala's pro se motion, as filed in this Court in the first instance, is

procedurally defective and should be denied. Federal Rule of Criminal Procedure

41(g) governs the return of property seized during criminal proceedings. The

plain language of the Rule clearly provides that a motion to return property "must

be filed in the district where the property was seized." Fed. R. Crim. P. 41(g).[1]

---

[1] Awala cites to Rule 41(e) as governing his motion to return property. As a result of an amendment to Rule 41 in 2002, however, the previous Rule 41(e) was restyled and now appears as Rule 41(g). See United States v. Albinson, 356 F.3d

1

The rationale for this procedure is made clear by the Rule itself – a motion to return property may require an adversarial hearing in which "[t]he court must receive evidence on any factual issue necessary to decide the motion." Id.

This Court has recognized that a motion to return property involves evidentiary determinations that must be made initially by the District Court. In United States v. Albinson, this Court held that a district court's failure to "receive evidence" when considering the merits of a defendant's Rule 41(g) motion was an abuse of discretion. 356 F.3d 278 (3d Cir. 2004). Because the District Court did not make the requisite evidentiary inquiry prior to deciding the motion, this Court did not reach the merits of that decision on appeal. Id. at 281 n.5. Rather, the district court's decision was reversed and remanded to allow for the district court to employ the proper procedures in the first instance. Id. at 284.[2]

Awala's pro se motion was styled as a motion to be filed in the district court, listing the district court, the district judge, and the district court case number

---

278, 279 n.1 (3d Cir. 2004).

[2]In United States v. Chambers, 192 F.3d 374 (3d Cir. 1999), this Court set forth the procedures for district courts to utilize in considering a defendant's Rule 41(g) motion. As that decision makes clear, an evidentiary hearing is not necessarily required on a Rule 41(g) motion unless there are "disputed issue[s] of fact necessary to the resolution of the motion." Id. at 378. That determination, however, must be made by the district court in the first instance. Albinson, 356 F.3d at 284.

2

in the caption of his motion. Yet, he mistakenly filed the motion in this Court. This Court should decline to reach the merits of Awala's pro se motion in this matter, where that motion has not been filed in the District Court, let alone decided. Rather, as the plain meaning of Rule 41(g) and prior Third Circuit precedent dictates, Awala's motion must be considered by the District Court in the first instance. See Albinson, 356 F.3d at 284; see also Rufu v. United States, 20 F.3d 63, 66 (2d Cir. 1994) (stating that a motion for return of property "is not a proper subject for a motion in an appellate court").

WHEREFORE, the United States of America respectfully requests that this Court deny Awala's motion for return of U.S. Birth Documents.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney
District of Delaware

By:

Robert F. Kravetz
Assistant United States Attorney
PA Bar I.D. No. 91168
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046
302-573-6277
Robert.Kravetz@usdoj.gov

Date: October 3, 2007

3



**FLORIDA DEPARTMENT OF**
**HEALTH**

Charlie Crist
Governor

Ana M. Viamonte Ros, M.D., M.P.H.
State Surgeon General

September 18, 2007

Gbeke Michael Awala
No. 82074-054
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472

Dear Mr. Awala:

This is to confirm receipt of your correspondence dated September 7, 2007, regarding your request to either locate your original birth record, or to file a Delayed Certificate of Birth.

I am adding the above-referenced letter to the correspondence file, and am returning your original photograph.

If this office could be of any assistance, we would gladly do so. Without a court order we cannot file a delayed birth certificate for you.

If I can be of further assistance, do not hesitate to contact my office.

Cordially,

Ken Jones
Deputy State Registrar
Florida Office of Vital Statistics

KJ/lk

OMB No. 1615-0100, Expires 08/31/08

G-884, Request for the
Return of Original Documents

Department of Homeland Security
U.S. Citizenship and Immigration Services

START HERE - Please type or print in black ink.

## Part 1. Information about you. *(Person requesting the return of original documents.)*

| Family Name | Given Name | Middle Name |
|---|---|---|
| Awala | Gbeke | Michael |

| Mailing Address - Street Number and Name | Apt./SuiteNumber |
|---|---|
| M.V.C.C P.O. Box 2000 | |

| City | State | Zip Code | A Number *(If any.)* |
|---|---|---|---|
| Philipsburg | PA | 16866 | |

| City/Town/Village of Birth | Country of Birth | Date of Birth *(mm/dd/yyyy)* | Daytime Phone Number *(With Area Code)* |
|---|---|---|---|
| Miami-Dad-Florida | United States | 05-17-1971 | (  ) |

**For USCIS Use Only.**

Remarks

File No.

Date

Specific information about desired document(s) or record(s) *(e.g., marriage license, birth certificate, death certificate, etc.).*

To return All Documents, Pictures of Chester Hime and Moses Hime Awala, In early 50's detailed in event from the United States, Including pictures of Christiana Oritsheja for, Grandmother, who was Maried to Pepi Chester Hime on/around 1946 on account of Baltimore, Aport

## Part 2. Data for identification of personal record. *(Leave blank if not applicable.)*

| Family Name | Given Name | Middle Name | Other Names Used (if any.) |
|---|---|---|---|
| | | | |

| Date of Birth *(mm/dd/yyyy)* | Place of Birth | Date of Entry | Port of Entry | Type of Entry *(visitor, student, etc.)* | A Number *(If any.)* |
|---|---|---|---|---|---|
| | | | | | |

| Name on Certificate of Naturalization | Certificate of Naturalization Number | Certificate of Naturalization Date *(mm/dd/yyyy)* |
|---|---|---|
| | | |

| Name on Certificate of Naturalization | Certificate of Citizenship Number | Certificate of Citizenship Date *(mm/dd/yyyy)* |
|---|---|---|
| | | |

| Naturalization Court and Location | Verification of Identity |
|---|---|
| | ☐ In person with identification    ☐ Legible photocopies |

*(handwritten right margin:)* Aport 1/1/04. Submitted by Plaintife Including persona Birth Docs.

**Part 3.   Signature of Requester - Affidavit of Identity.**

I certify, under penalty of perjury under the laws of the United States of America, that this request and evidence submitted is all true and correct. I authorize the release of any information from my records that U.S. Citizenship and Immigration Services needs to respond to my request.

I ☑ Swear ☑ Affirm that I am the person named in Part 1 on Page 1 of this form. I understand that if I willfully make false statements on this form, I may be punished by fine or imprisonment (18 U.S.C.1101).

**Print Your Full Name**

Gbeke M. Awale

**Signature**   *(Your signature must be notarized. Do not sign until before the Certifying Official.)*    **Date** *(mm/dd/yyyy)*

3/22/2007

I do hereby certify that the requester named in Part 1 on Page 1 of this form personally appeared before me and executed the Affidavit of Identity.

**Signature of USCIS Official**              **Title**                    **Date** *(mm/dd/yyyy)*

**Certifying Official.**

I do hereby certify that the requester named in Part 1 on Page 1 of this form personally appeared before me and executed the Affidavit of Identity.

**Printed Name of Certifying Official**          **Signature of Certifying Official**

**In and for the:**

                                        **Given under my hand and official seal**

**Date** *(mm/dd/yyyy)*

Select Year:  2005  Go

# The 2005 Florida Statutes

| Title XXIX | Chapter 382 | View Entire Chapter |
| PUBLIC HEALTH | VITAL STATISTICS | |

**382.0195  Court-issued delayed birth certificate.--**

(1)  In addition to the provisions of s. 382.019, any state resident or person born in this state who does not have a birth certificate may, at any time after birth, file a petition in the circuit court in the county of residence or in the alleged county of his or her birth, setting forth the date, place, and parentage of birth and petitioning the court to issue a delayed birth certificate. The petition must be on a form furnished by the department and must be accompanied by a certified statement from the state registrar of the alleged state of birth, stating that, based on the facts submitted by the petitioner, a birth certificate for the petitioner is not on file.

(2)  Upon the filing of the petition, the court shall hold a hearing at which time such evidence may be presented as may be required by the court to establish the fact of the petitioner's birth and the date, place, and parentage of his or her birth. However, a certificate may not be granted based solely on the uncorroborated testimony of the petitioner.

(3)  If the evidence is sufficient, the court shall issue a delayed birth certificate on a form furnished by the department. Documentation submitted by the petitioner in support of the petition shall be recorded on the delayed birth certificate.

(4)  The original and court copies of the delayed birth certificate issued by the court shall be distributed as follows:

(a)  One copy shall be filed in the circuit court as a permanent record.

(b)  If the birth occurred in this state, one copy shall be delivered to the petitioner and the original shall be mailed to the department by the clerk of the court within 10 days after the delayed certificate is issued by the court.

(c)  If the birth occurred outside this state, the original certificate plus one copy shall be delivered to the petitioner by the court.

(5)  A delayed birth certificate issued by a court pursuant to this section and registered with the department may not be amended except by court order.

**History.**--ss. 1, 5, 6, 10, ch. 21931, 1943; s. 1, ch. 22887, 1945; s. 24, ch. 63-559; ss. 19, 35, ch. 69-106; s. 7, ch. 73-299; s. 24, ch. 73-334; s. 118, ch. 77-147; s. 7, ch. 83-230; s. 16, ch. 87-387; s. 667, ch. 95-148; s. 101, ch. 97-237.

**Note.**--Consolidation of former ss. 382.40, 382.44, 382.45, 382.48; former s. 382.018.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GBEKE MICHAEL AWALA | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JFM-07-576 |
| | | |
| CHIEF JUSTICE JOHN G. ROBERTS JR., | * | |
| et al. | | |
| Defendants. | * | |
| | *** | |

## ORDER

On March 15, 2007, this case was dismissed without prejudice pursuant to 28 U.S.C.

§ 1915(g).[1] It is currently on appeal before the United States Court of Appeals for the Fourth Circuit.

Plaintiff has filed a motion for return of property. Paper No. 15. He invokes Fed. R. Civ.

P. 41(e) and seeks the return of birth documents allegedly taken from him in actions filed in this court.[2] *Id.* This matter is closed and it is before the Fourth Circuit on appeal. Consequently, the motion shall be denied.

1.    Plaintiff's motion for return of property (Paper No. 15) IS DENIED.

Date: October 16, 2007          /s/ _____

---

[1]      Plaintiff filed this civil rights complaint for release from confinement and damages against various federal court justices and judges, the Secretary of the U.S. Department of Homeland Security, and the United States Attorney General. Paper No. 1. His indecipherable complaint appeared to challenge prior federal court decisions and the existence of birth records allegedly in the custody of the federal government.

[2]      A review of this matter and the previous case filed by plaintiff, *Awala v. Gonzales, et al.*, Civil Action No. JFM-06-1052 (D. Md.), shows that no birth documents were presented to this court. It is apparent to this court that plaintiff is referring to Fed. R. Crim. Proc. 41(g), which provides that a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court notes that plaintiff's recent criminal proceedings were conducted in the District of Delaware, not in this district, and that plaintiff recently filed a "post-trial motion for return of U.S. Birth Documents" in the Delaware federal court. *See United States v. Awala*, Criminal No. SLR-04-090 (D. Del.) at Paper No. 268.

J. Frederick Motz
United States District Judge

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

October 23, 2007

No._05-5479 & 06-2718___

UNITED STATES OF AMERICA
v.
GBEKE MICHAEL AWALA, Appellant
(District of D.E. Criminal No. 04-cr-00090)

**Present:**     MCKEE, CHAGARES, and HARDIMAN,  <u>CIRCUIT JUDGES.</u>

1. Motion by Appellant for Leave to File a Pro Se Brief

                                        /s/ Chanel R. Graham
**Listed on the merits: 12/06/07**         Chanel R. Graham   267-299-4955
                                        Case Manager
_____ **O R D E R** _____

**The foregoing is hereby GRANTED.**

                              **By the Court,**

                              **/s/ Theodore A. McKee**
                              **Circuit Judge**

**Dated: October 23, 2007**
**CRG/cc: Mr. Gbeke M. Awala**
        **Ilana H. Eisenstein, Esq.**
        **Robert F. Kravetz, Esq.**
        **Samuel C. Stretton, Esq.**

**SUPREME COURT OF THE UNITED STATES**
**OFFICE OF THE CLERK**
**WASHINGTON, DC  20543-0001**

October 3, 2007

Gbeke M. Awela
No. 82074-054
U.S. Penitentiary Canaan
P.O. Box 300, 3057 Easton Turnpike
Waymart, PA 18472

    RE: In re Gbeke M. Awala
      No: 07-5119

Dear Awela:

    The enclosed motion for recusal received October 3, 2007, is herewith returned in light of the denial of the above-entitled petition for a writ of prohibition on October 1, 2007.

                      Sincerely,
                      William K. Suter, Clerk
                      By:

                      Heather Trant
                      (202) 479-3039

Enclosures

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

FILED
September 26, 2007

No. 07-6562
1:07-cv-00576-JFM

GBEKE MICHAEL AWALA

Plaintiff - Appellant

v.

JOHN G. ROBERTS, JR., Chief Justice; WILLIAM W. WILKINS,
Chief Judge; GERARD B. COPE, JR., Chief Judge; MICHAEL B.
MUKESEY, Chief Judge; ANTHONY J. SCIVICA, Chief Judge; SUE
L. ROBINSON, Chief Judge; MICHAEL CHERTOFF, Secretary of
Homeland Security; J. FREDERICK MOTZ, Judge; MARCIA G.
COOKE, Judge; KENT A. JORDON, Judge; MARCUS, 11th Circuit
Judge; BARKSDALE, 5th Circuit Judge; NORGLE, Judge;
PETER D. KEISLER, Acting Attorney General

Defendants - Appellees

------------

O R D E R

------------

The Court substitutes Acting Attorney General, Peter D. Keisler,

for Alberto R. Gonzales as a party to this proceeding.

For the Court - By Direction

/s/  Patricia S. Connor

_____

CLERK